## Henry v. Henry

*Reilly & Pearce*, for libellant.
*Robert W. Beatty*, for respondent.

ERVIN, J., November 12, 1943.—This is a rule to show cause why an amended libel, with the proper affidavit in compliance with section 25 of The Divorce Law of May 2, 1929, P. L. 1237, as amended by the Act of May 25, 1933, P. L. 1020, sec. 1, should not be filed nunc pro tunc with the same force and effect as though the same had been originally exhibited to the

court and filed in these proceedings. An answer to the rule was filed by respondent, in which it is averred that the court is without authority to grant an amendment to the libel, which is defective by reason of the fact that the affidavit to the original libel had been taken by a notary public outside the Commonwealth of Pennsylvania. The matter was argued before the court in banc as a question of law. We are of the opinion that the rule must be made absolute.

Respondent's brief cites no cases on the question and frankly states that none can be found permitting the affidavit to be taken nunc pro tunc.

The three following opinions of Judge MacDade are cited in libellant's brief as authority for the position that the amendment may be allowed: Mitchell v. Mitchell, 26 Del. Co. 393; Bell v. Bell, 26 Del. Co. 83; Wingate v. Wingate, 26 Del. Co. 7.

In the above three cases the affidavit was not worded in accordance with the statutory requirement and amendments were permitted to accomplish this result.

The court has found the following decisions which are directly in point and which allow the amendment.

Reeves v. Reeves, 3 W. N. C. 558, is a decision of the Court of Common Pleas No. 1 of Philadelphia County wherein an amendment was permitted nunc pro tunc. The original affidavit of libellant to the libel was insufficient on the ground of its having been sworn to before a notary public at a time when the affidavit could be taken by a judge or a justice of the peace only. In that case the argument was made that the foundation of a petition in divorce is the affidavit, and that if that foundation is defective it is a matter of substance and cannot be cured by amendment nunc pro tunc. The court did not agree with the reasoning and allowed the amendment.

A similar result was reached in Cumpston v. Cumpston, 4 W. N. C. 184, which was a decision of the Court

of Common Pleas No. 3 of Philadelphia County. A similar result was reached by Judge Reno in Case v. Case, 3 D. & C. 518, when he sat as a judge in the Court of Common Pleas of Lehigh County.

Hall v. Hall, 28 Del. Co. 21, is a divorce case in which Judge MacDade, now president judge of these courts, allowed an amendment nunc pro tunc which permitted an affidavit to be taken before a new notary public, the original affidavit having been taken by a notary public who was also counsel for the libellant.

Quinton v. Quinton, March term, 1943, no. 433, is another divorce case in this county wherein Judge Sweney allowed an amendment of a libel nunc pro tunc, permitting a new affidavit before a Delaware County notary public in place of one which had been taken before a notary public of Chippewa County, Michigan.

It would seem that the writer of this opinion is the only judge in these parts who has not indulged in this legal frivolity, and that it is high time that he brings himself in line with such respectable authority.

Rule 88 of the Rules of Court of Delaware County provides as follows: "The pleadings may be amended by leave of the court, and a copy of the amendment shall be served on the adverse party."

The merit of the matter should be concerned with the question whether allowance of the amendment will in any way prejudice the rights of respondent. We are convinced that they will not be prejudiced in any manner. The fact is that counsel for respondent admitted as much at the oral argument. The affidavit is really a matter of form and not of substance and this is an additional reason why the amendment should be allowed. If the amendment were not allowed, the parties would be obliged to start over again and duplicate the proceedings, which would result in the loss of time and

money for all parties concerned. This result should be avoided if it is possible to do so without harming anyone.